PER CURIAM.
This appeal from an order granting a motion to vacate a default is dismissed as a non-final nonappealable order as it does not appear from the record transmitted by the clerk that the Final Judgment was ever filed, and certainly from the transcripts of proceedings it appears that the court did not believe that a final judgment had been filed. See Broward Employment and Training Admin. v. Community Partnership Program, Inc., 422 So.2d 1101 (Fla. 4th DCA 1982). Cf. Humbert v. Ackerman, 541 So.2d 1229 (Fla. 3d DCA 1989) (defendant in action entitled to have default vacated where he filed his answer after order of default signed but before it was filed).
*569 Moreover, as appellee points out any default judgment would have been erroneously entered because appellee was entitled to notice and a trial on damages even if a default had been entered on liability. Fla. R.Civ.P. 1.440(c). From the face of the record there was no order setting trial, and it appears that only an unserved affidavit of damages, which was filed on the same date as a hearing for final judgment subsequent to default, was relied on by appellant to justify the final judgment. However, this hearing was not held pursuant to an order setting trial on the damage issue. This is patently insufficient and not in compliance with rule 1.440 governing the setting of actions for trial.[1]
GLICKSTEIN, WALDEN and WARNER, JJ., concur.

. This may be the reason why no final judgment was entered — because the court recognized that the appropriate procedure had not been followed.